December, 1824.

## Mendenhall *against* Smith.

*To sustain a judgment on award, it is not necessary that the Record should state the consent of the parties to submit to the award, or to shew that the cause was continued from term to term, or that the defendant had notice of the time and place of making the award, nor is a declaration necessary.*

*NEAL SMITH* sued out a writ of capias against *Eli Mendenhall,* returnable to *September* term, 1820, of *Monroe* Circuit Court.  By the endorsement on the writ, it was stated to be an action on the case for breach of a verbal contract, whereby the defendant was bound to build two saw-mills, &c. &c.  Writ executed 8th *September,* 1820.  The next entry in the Record is of *March* term, 1821.  " Refer- " red to  *William Locklin* and *Francis Coleman,* who will " call in an umpire in case of disagreement."  An award was returned under the signatures and seals of *Locklin* and *Coleman,* dated 25th of *September,* 1821, awarding to the plaintiff $300 and the costs of the suit ; and at *October* term, 1822, after argument, the award was made the judgment of the Court.  The defendant excepted to the several opinions, &c. of the Court in rendering the judgment, and sued out a writ of Error.  The assignments and the other matters in the Record  material to the decisions, appear in the

Opinion of the Court delivered by Judge *Crenshaw.*

The determination of this cause rests on two material points :

1, Was the cause legally referred to arbitration.

2, Does the award decide the matter submitted.

The reference must be the voluntary act of the parties, and the arbitrators must be named and appointed by them, and the order of reference must appear to be the Act of the Court ; but it is not necessary that the consent of the parties should be stated in the order.  Where there is any room for construction, it is fair to presume not against, but in support of, the judgment ; and it ought not to be presumed that the Circuit Court made the order of reference without the consent of the parties.  The order clearly appears to be the Act of the Court, and not an unauthorized entry by the Clerk as was argued.

As to the objection that there was no declaration—When a suit is referred to arbitration, the law does not require a declaration to be filed.  If the matter in controversy already

sufficiently appears from any part of the Record, any farther statement of it in writing is unnecessary. Here the endorse-ment of the writ sufficiently shews the cause of action which was submitted. The arbitrators, after reciting that the cause had been referred to their final decision, award that the defendant pay to the plaintiff three hundred dollars and the costs of the suit. The award does most clearly decide the matter submitted.

It is alleged, that the cause not having been regularly continued from term to term, it was necessarily disconti-nued by operation of law.

The order of reference made at *April* term, 1821, implies the consent of the parties, to give which they must have been present either personally or by their attornies. This then was a waiver of any advantage which might have been claimed for prior discontinuance by operation of law ; and there could not be such discontinuance after the reference until the order or reference had been discharged. This order virtually continued the cause in Court from term to term, as long as it remained in force, and it remained in force until discharged by order of the Court, or until the arbi-trators returned their award.

As to the third assignment—that it does not appear that the defendant had notice of the time and place of making the award.

We cannot presume that he had no notice, but in sup-port of the judgment ought to presume that he had notice ; and it is not necessary that the Record should shew that he had. The bill of Exceptions states that one of the arbi-trators testified that he did not know whether the defendant ever received notice, and that the defendant did not attend at the time and place of making the award. But this does not necessarily lead to the conclusion that he had no notice.

The Court will not for slight reasons disturb the award of arbitrators ; they are the Judges selected by the par-ties, and the parties must abide by their determination.

As to this last objection, Judge *Minor* doubts ; but the Court are unanimous in affirming the judgment.

*Crawford* and *Hitchcock*, for plaintiff.

*Parsons*, for defendant in Error.